Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

_April 4_, 20_18_
WILLIAM M. McCOOL, Clerk
By _[signature]_ Deputy

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>DION L. EARL,<br><br>Defendant. | NO. CR18-084 RSL<br><br>**INDICTMENT** |

THE GRAND JURY CHARGES THAT:

## INTRODUCTION

*The Defendant and Entities*

1. DION L. EARL, at various times between 2011 and 2015, resided in, and was employed by various car dealers located in, both Washington State and Arizona.

2. DION L. EARL also owned houses in both Arizona and Washington, including houses located in (1) Bothell, Washington; (2) Oro Valley, Arizona; (3) Snohomish, Washington; (4) Mesa, Arizona; and (4) Kent, Washington. By 2010, DION L. EARL had stopped making monthly payments on the houses located in Bothell, Washington; Oro Valley, Arizona; and Snohomish, Washington.

INDICTMENT/EARL - 1

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

3. Dion Earl's Total Soccer & Tennis Camps, LLC, was a limited liability company incorporated in Arizona in or about September 2008, in which DION L. EARL was the sole shareholder. DION L. EARL represented that Dion Earl's Total Soccer & Tennis Camps, LLC, did business as ("d/b/a") Total Business Ventures. Through Dion Earl's Total Soccer & Tennis Camps, d/b/a Total Business Ventures, DION L. EARL purported to engage in various business activities, including trading stocks.

4. The Seattle Impact FC was an S Corporation, incorporated in Washington State in or about June 2014, in which DION L. EARL was the sole shareholder. Through the Seattle Impact FC, DION L. EARL operated a professional indoor soccer club which played in the Major Arena Soccer League.

### *The Income Tax System*

5. The Internal Revenue Service ("IRS") is an agency of the United States within the Department of Treasury responsible for the ascertainment, computation, assessment, and collection of Federal Income Taxes. In order to assess and collect taxes, the IRS must accurately determine taxpayers' incomes.

6. The Internal Revenue Code requires that employers withhold, account for, and pay over to the IRS a variety of taxes from employee wages, collectively referred to as "payroll taxes." These taxes include Federal Income Tax Withholding ("withholding taxes"); that is, in general, an employer must deduct and withhold income tax on the amount of wages that are paid to employees, and pay over those withholding taxes to the IRS. Whenever any person or entity is required to withhold or collect any internal revenue tax from any person and to pay over such tax to the United States, the amount of tax so withheld or collected shall be held in trust on behalf of the United States.

7. To account for payroll taxes that must be paid to the IRS, employers are required to prepare tax forms, including Forms W-2, Wage and Tax Statements ("Forms W-2") and to file them annually.

8. Mortgage lenders report mortgage interest paid by a taxpayer during a given year to the taxpayer and the IRS by issuing Forms 1098, Mortgage Interest

Statements ("Forms 1098"). A taxpayer typically may claim interest paid on the mortgage for his residence as a tax deduction, and interest paid on the mortgage for a rental property as an expense, and, by doing so, reduce the taxes owed during a given year.

9. Every citizen and resident of the United States who receives gross income in excess of the minimum filing amount established by law for a particular calendar year is required to annually make and file an income tax return for the calendar year, typically by April 15 of the following year. Using the information provided to them in Forms W-2 and 1098, among other forms, taxpayers typically self-report their incomes, as well as the income tax they owe for a given year, to the IRS by, among other methods, electronically filing or mailing Forms 1040, U.S. Individual Income Tax Returns ("Form 1040 Tax Returns") to the IRS.

10. In instances where an employer has withheld tax in excess of that which the taxpayer determines is owed, the taxpayer may claim a tax refund in the Form 1040 Tax Return that the taxpayer files with the IRS.

11. The IRS maintains records of forms submitted to it, including Forms W-2 and 1098, as well as payments of payroll and other taxes submitted to it, in a database referred to as the Integrated Data Retrieval System ("IDRS")

12. An IRS audit is an examination by an IRS Revenue Agent of an organization's or individual's accounts and financial information to ensure information in a tax return is reported correctly according to the tax laws and to verify that the reported amount of tax is correct. An IRS Revenue Agent conducting an audit may refer the matter to IRS, Criminal Investigation ("IRS-CI").

13. IRS-CI Special Agents investigate potential criminal violations of the U.S. Internal Revenue Code and related financial crimes in a manner intended to foster confidence in the tax system and deter violations of tax law.

### *The IRS Civil Audit and Criminal Investigation*

14. DION L. EARL retained the services of a tax preparer who practiced in Everett, Washington, among other locations in Western Washington, for the purposes of preparing and electronically filing his calendar year 2008, to 2013, Form 1040 Tax Returns, and retained the services of a tax preparer in Gilbert, Arizona, for the purposes of preparing and electronically filing his calendar year 2014 Form 1040 Tax Return. DION L. EARL induced these tax preparers to report inflated wages, withholdings, and mortgage interest payments by submitting to them Forms W-2 and 1098 which were fictitious, among other reasons, because he had forged or altered them.

15. During November 2013, the IRS initiated an audit of DION L. EARL's accounts and financial information relating to his 2011 and 2012 Form 1040 Tax Returns. That audit revealed that DION L. EARL had engaged in tax refund fraud, in that, DION L. EARL filed Form 1040 Tax Returns, in which he fraudulently claimed that he was due large refunds because employers had withheld more tax from his paychecks than was due on the wages he reported. In truth and fact, both the tax withholdings and wages DION L. EARL reported on his Form 1040 Tax Returns for these years were fictitious. DION L. EARL's employers typically had not withheld any taxes from DION L. EARL's paychecks because, when DION L. EARL completed Forms W-4, he claimed that he was exempt from paying income tax. In order to make the substantial withholdings he reported appear plausible, DION L. EARL also significantly overstated the wages he claimed employers paid him. Finally, in order to minimize the impact on his taxes that overstating wages normally would have, DION L. EARL fraudulently overstated deductions and expenses, including the mortgage interest he paid on his residence and rental properties. For example, the audit revealed that:

    a. On or about March 4, 2012, DION L. EARL subscribed and caused to be electronically filed with the IRS a calendar year 2011 joint Form 1040 Tax

Return in which DION L. EARL reported that during 2011 (1) he worked for five different car dealers which paid him wages totaling in excess of $880,000 (a portion of which was reported as wages on line 7 of the Form 1040 Tax Return, and a portion of which was reported on Schedule C to the tax return), from which they withheld federal income tax in excess of $330,000, and (2) he paid in excess of $520,000 in interest to lenders which held mortgages on houses he owned in Bothell, Washington; Oro Valley, Arizona; Snohomish, Washington; and Mesa, Arizona. DION L. EARL relied on these representations in order to support his claim that he had overpaid taxes and was entitled to a tax refund of $329,198.

    b.    Contrary to the representations DION L. EARL made in his 2011 Form 1040 Tax Return, in the Forms W-2 and 1098 that DION L. EARL's employers and lenders filed for 2011 (1) three car dealers reported that they employed DION L. EARL and paid him a total of approximately $79,631, from which they did not withhold any taxes, and (2) only a single lender, which held the mortgage on the house in Mesa, Arizona, reported receiving interest payments from DION L. EARL, which totaled $25,699.

    c.    On or about February 15, 2013, DION L. EARL subscribed and caused to be electronically filed with the IRS a calendar year 2012 joint Form 1040 Tax Return in which DION L. EARL reported that during 2012 (1) he had worked for eight different car dealers, which paid him wages totaling in excess of $1,600,000 (a portion of which was reported as wages on line 7 of the Form 1040 Tax Return, and a portion of which was reported on Schedule C to the tax return), from which they withheld federal income tax in excess of $660,000; (2) his wife had worked for Dion Earl's Total Soccer & Tennis Camps, LLC, d/b/a Total Business Ventures, which paid her wages totaling $240,000, from which it withheld federal income tax in excess of $51,000; and (3) he had paid in excess of $520,000 in interest to lenders which held mortgages on houses he

owned in Bothell, Washington; Oro Valley, Arizona; Snohomish, Washington; and Mesa, Arizona. DION L. EARL relied on these representations in order to support his claim that he had overpaid taxes and was entitled to a tax refund of $416,314.

d. Contrary to the representations DION L. EARL made in his 2012 Form 1040 Tax Return, in the Forms W-2 and 1098 that DION L. EARL's employers and lenders filed for 2012 (1) two car dealers reported that they had employed DION L. EARL and paid him wages totaling approximately $44,570, from which they did not withhold any taxes; and (2) only a single lender, which held the mortgage on the house in Mesa, Arizona, reported receiving interest payments from DION L. EARL, which totaled $30,430. In addition, while Dion Earl's Total Soccer & Tennis Camps, LLC, d/b/a Total Business Ventures, filed a Form W-2 in which it reported paying DION L. EARL's wife wages of $240,000 and withholding taxes of $51,487, IRS IDRS records reveal that it did not submit the taxes purportedly withheld to the IRS.

16. During November 2013, the IRS Revenue Agent then assigned to the audit of DION L. EARL's 2011 and 2012 Form 1040 Tax Returns, informed DION L. EARL that he was conducting an audit of those tax returns.

17. During early 2014, DION L. EARL's tax preparer, who was then practicing in Marysville, Washington, prepared DION L. EARL's calendar year 2013 Form 1040 Tax Return, but refused to electronically file it until DION L. EARL provided him with original Forms W-2 and 1098. Rather than provide his tax preparer with original forms, however, DION L. EARL personally filed a paper copy of the 2013 Form 1040 Tax Return on or about March 10, 2014.

18. In that 2013 Form 1040 Tax Return, DION L. EARL reported that during 2013 (1) he had worked for nine different car dealers, which paid him wages totaling in excess of $1,800,000 (a portion of which was reported as wages on line 7 of the Form 1040 Tax Return, and a portion of which was reported on Schedule C to the tax return),

from which they withheld federal income tax in excess of $710,000; (2) his wife had worked for Dion Earl's Total Soccer & Tennis Camps, LLC, d/b/a Total Business Ventures, which paid her wages totaling $280,000, from which it withheld federal income tax in excess of $50,000 (while the Wage Schedule attached to DION L. EARL's 2013 Form 1040 Tax Return reported total taxes withheld as $771,246, DION L. EARL reported total taxes withheld on line 62 of the Form 1040 Tax Return as $809,719); and (3) he had paid in excess of $550,000 in interest to lenders which held mortgages on houses he owned in Bothell, Washington; Oro Valley, Arizona; Snohomish, Washington, Mesa, Arizona; and Kent, Washington. DION L. EARL relied on these representations in order to support his claim that he had overpaid taxes and was entitled to a tax refund of $297,130.

19. Contrary to the representations DION L. EARL made in his 2013 Form 1040 Tax Return, in the Forms W-2 and 1098 that DION L. EARL's employers and lenders filed for 2013 (1) a single car dealer reported that it employed DION L. EARL and paid him a total of approximately $274, from which it did not withhold any taxes; and (2) only two lenders, which held mortgages on the houses in Mesa, Arizona, and Kent, Washington, reported receiving interest payments from DION L. EARL, which totaled $42,413. In addition, Dion Earl's Total Soccer & Tennis Camps, LLC, d/b/a Total Business Ventures, did not file a Form W-2, and according to IRS IDRS records, did not submit the purported withholding taxes to the IRS.

20. During August 2014, the IRS Revenue Agent then conducting the audit of DION L. EARL's 2011 and 2012 Form 1040 Tax Returns, discovered that DION L. EARL claimed a large tax refund on his 2013 Form 1040 Tax Return, and, as a result, she expanded the audit to include that Form 1040 Tax Return. The Revenue Agent also referred the matter to IRS-CI.

21. During August 2014, IRS-CI initiated a criminal investigation. During December 2014, the IRS Special Agent assigned to that investigation notified DION L. EARL that the IRS Special Agent was conducting a criminal investigation.

INDICTMENT/EARL - 7

22. On or about April 2, 2015, DION L. EARL subscribed and caused to be filed electronically with the IRS a calendar year 2014 Form 1040 Tax Return in which DION L. EARL reported that during 2014, both he and his wife worked for Dion Earl's Total Soccer & Tennis Camps, LLC, d/b/a Total Business Ventures, and the Seattle Impact FC, and that these employers paid them wages totaling approximately $765,000, from which they withheld federal income taxes in excess of $180,000. DION L. EARL relied on these representations in order to support his claim that he had overpaid taxes and was entitled to a tax refund of $137,554.

23. Contrary to the representations DION L. EARL made in his 2014 Form 1040 Tax Return, IRS IDRS records reveal that Dion Earl's Total Soccer & Tennis Camps, LLC, d/b/a Total Business Ventures, and the Seattle Impact FC did not submit the purported withholding taxes to the IRS.

24. The IRS-CI criminal investigation revealed that DION L. EARL had engaged in tax refund fraud prior to the years which were the subject of the civil audit, that is, the criminal investigation revealed that DION L. EARL committed tax refund fraud in all of the Form 1040 Tax Returns he filed for calendar years 2008, through 2014. In these tax returns, DION L. EARL falsely claimed that he was due tax refunds totaling in excess of $1,600,000, and, as a result of those claims, the IRS issued tax refunds to DION L. EARL totaling in excess of $1,100,000, to which he was not entitled.

## COUNT 1

(False Statement on Tax Return)

25. The allegations set forth in paragraphs 1 through 15 are re-alleged and incorporated as is fully set forth herein.

26. On or about March 4, 2012, in the Western District of Washington, and elsewhere, DION L. EARL, a resident of Snohomish, Washington, did willfully make and subscribe, and cause to be made and subscribed, a joint U.S. Individual Income Tax Return, Form 1040, for calendar year 2011, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true

INDICTMENT/EARL - 8

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

and correct as to every material matter. That income tax return, which was filed with the Internal Revenue Service, reported (1) "Wages, salaries, tips, etc." ("wages"), on line 7, as $635,911, (2) "Federal income tax withheld from Forms W-2 and 1099" ("taxes withheld"), on line 62, as $338,765, (3) "Home mortgage interest and points reported . . . on Form 1098," on line 10 of Schedule A, as $87,246, (4) "Mortgage Interest paid to banks," on line 23e of Schedule E, as $435,126, and (5) the amount overpaid to be refunded, on lines 73 and 74a, respectively, as $329,198, whereas, as DION L. EARL then and there well knew, these figures overstated the wages that employers had paid him, the taxes employers had withheld, and the mortgage interest he had paid, and, as a result, he was not due the tax refund he claimed.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT 2

(False Statement on Tax Return)

27. The allegations set forth in paragraphs 1 through 15 are re-alleged and incorporated as is fully set forth herein.

28. On or about February 15, 2013, in the Western District of Washington, and elsewhere, DION L. EARL, a resident of Mesa, Arizona, did willfully make and subscribe, and cause to be made and subscribed, a joint U.S. Individual Income Tax Return, Form 1040, for calendar year 2012, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter. That income tax return, which was filed with the Internal Revenue Service, reported (1) "Wages, salaries, tips, etc." ("wages"), on line 7, as $1,320,483, (2) "Federal income tax withheld from Forms W-2 and 1099" ("taxes withheld"), on line 62, as $714,911, (3) "Home mortgage interest and points reported . . . on Form 1098," on line 10 of Schedule A, as $87,246, (4) "Mortgage Interest paid to banks," on line 23c of Schedule E, as $435,226, and (5) the amount overpaid to be refunded, on lines 73 and 74a, respectively, as $416,314, whereas, as DION L. EARL then and there well knew, these figures overstated the wages that employers had paid

him, the taxes employers had withheld, and the mortgage interest he had paid, and, as a result, he was not due the tax refund he claimed.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT 3

(Corrupt Endeavor to Impede Administration of the Internal Revenue Laws)

29. The allegations set forth in paragraphs 1 through 24 are re-alleged and incorporated as is fully set forth herein.

30. Beginning in or about November 2013, and continuing thereafter to on or about July 2015, at Kent, in the Western District of Washington, and elsewhere, DION L. EARL, having been informed (1) during November 2013, that the IRS had initiated a civil audit of DION L. EARL's accounts and financial information relating to his 2011 and 2012 Form 1040 Tax Returns, and (2) during December 2014, that IRS-CI had initiated a criminal investigation, did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws, that is, the civil audit and criminal investigation by:

a. Making material false statements to IRS Revenue Agents on June 17, 2014, that is, DION L. EARL falsely claimed that, with respect to his 2011 and 2012 Form 1040 Tax Returns (1) if they contained errors, it was that he reported expenses too conservatively, and (2) the income he reported receiving from car dealers consisted of payments to him, which were similar to settlement payments, so that he would not report wrongdoing by the car dealers.

b. Producing to an IRS Revenue Agent on or about July 1, 2014, Forms W-2s and 1098, among other records, that DION L. EARL represented supported the refunds he claimed in his 2011 and 2012 Form 1040 Tax Returns, full well knowing that he had fraudulently forged or altered many of the Forms W-2 and 1098.

c. Making false statements to IRS-CI Special Agents on or about July 10, 2015, by falsely claiming that Vantuhl Organization assured him that it would take

INDICTMENT/EARL - 10

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

care of all of his taxes, thereby authorizing him to file the Form 1040 Tax Returns that he filed.

All in violation of Title 26, United States Code, Section 7212(a).

## COUNT 4

(False Statement on Tax Return)

31. The allegations set forth in paragraphs 1 through 19 are re-alleged and incorporated as is fully set forth herein.

32. On or about March 10, 2014, in the Western District of Washington, and elsewhere, DION L. EARL, a resident of Mesa, Arizona, did willfully make and subscribe, and cause to be made and subscribed, a joint U.S. Individual Income Tax Return, Form 1040, for calendar year 2013, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter. That income tax return, which was filed with the Internal Revenue Service, reported (1) "Wages, salaries, tips, etc." ("wages"), on line 7, as $1,550,757, (2) "Federal income tax withheld from Forms W-2 and 1099" ("taxes withheld"), on line 62, as $809,719, (3) "Home mortgage interest and points reported . . . on Form 1098," on line 10 of Schedule A, as $128,502, (4) "Mortgage Interest paid to banks," on line 23c of Schedule E, as $426,928, and (5) the amount overpaid to be refunded, on lines 73 and 74a, respectively, as $297,130, whereas, as DION L. EARL then and there well knew, these figures overstated the wages that employers had paid him, the taxes employers had withheld, and the mortgage interest he had paid, and, as a result, he was not due the tax refund he claimed.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT 5

(False Statement in Loan Application)

33. On or about July 30, 2008, at Lynnwood, in the Western District of Washington, and elsewhere, DION L. EARL knowingly made a false statement for the purpose of influencing the action of KeyBank, the accounts of which were insured by the

Federal Deposit Insurance Corporation, in connection with in an application for a home equity line of credit in the amount of $100,000, in that, DION L. EARL falsely reported that: (1) he had been employed by Bell Honda for nine years; (2) he was then the manager of Bell Honda; and (3) Bell Honda paid him $19,416 per month, whereas, as DION L. EARL well knew, he was not then employed by Bell Honda, as Bell Honda had terminated DION L. EARL on or about July 8, 2008, after he failed to show up for work.

All in violation of Title 18, United States Code, Section 1014.

## FORFEITURE

34. The allegations contained in Count 5 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

35. Upon conviction of the offense in violation of Title 18, United States Code, Section 1014 set forth in Count 5 of this Indictment, the defendant, DION L. EARL, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or

///

///

///

indirectly, as a result of such violation(s), including, but not limited to:

    a.    Money Judgment. A sum of money equal to approximately $100,000, representing the amount of proceeds obtained as a result of the offenses set forth in Count 5.

All pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c).

A TRUE BILL:

Dated: April 4, 2018

Signature of Foreperson redacted pursuant
To the policy of the Judicial Conference
of the United States

_____
ANNETTE L. HAYES
United States Attorney

_____
ANDREW C. FRIEDMAN
Assistant United States Attorney

_____
ARLEN R. STORM
Assistant United States Attorney